| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anthony O. Egbase (SBN: 181721)<br>Victoria Orafa (SBN: 265037)<br>Kevin Tang (SBN: 291051)<br>Crystle J. Lindsey (SBN: 281944)<br>A.O.E. LAW & ASSOCIATES, A Professional Law Corporation<br>350 South Figueroa Street, Suite 189<br>Los Angeles, California 90071<br>Phone: (213) 620-7070; Fax: (213) 620-1200<br>Email:  info@anthonyegbaselaw.com | |

☐ *Individual appearing without attorney*
☒ *Attorney for:  Debtor In Possession*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>**IGNACIO RAMIREZ**<br><br><br>Debtor(s). | CASE NO.: **1:15-bk-14124-MT**<br><br>CHAPTER: 11 |
|---|---|
| | **INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** |
| | DATE:  **TBD**<br>TIME:  **TBD**<br>COURTROOM:  **302**<br>PLACE:  **21041 Burbank Blvd., Woodland Hills, CA 91367** |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims. A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

## Article I
## Treatment of Unclassified Claims

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                 *Page 1*    **F 2081-1.PLAN**

A. Professional Fees. Professional fees may only be paid upon application to and approval by the court. The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

**Debtor has an administrative claim owed to AOE Law & Associates in the estimated amount of $10,000.00 from attorney's fees.   Debtor will pay the claim in full on or before the effective date of the plan subject to Court approval.**

B. Other Administrative Claims. The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]

C. Tax Claims. The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with 3% interest in equal amortized payments in accordance with § 511. Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the entry of the order for relief.[3]

D. Involuntary Gap Period Claims pursuant to § 507(a)(3). The Debtor will pay claims allowed under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a holder of such claim agrees to other terms.[4]

## Article II
## Classification and Treatment of Claims

**Classes 1(a)-(e): Priority Claims.**

These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I). For instructions on voting, see Part 2 of the Disclosure Statement. If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms). Creditors in Class 1 are treated as follows (*Check each box that applies*):

☒  Debtor has no creditors in Class 1

☐  Class 1(a): Unsecured domestic support obligation claims entitled to priority under § 507(a)(1). Debtor proposes to pay each claim in Class 1(a) in full over years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ monthly ☐ quarterly, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐  Class 1(b): Wage and commission claims entitled to priority under § 507(a)(4). The Debtor proposes to pay each claim in Class 1(b) in full over years, with _____% postconfirmation interest. Payments will be made in equal

---

[1]Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.
[2]Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.
[3]Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C) IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of _____% and maturity on _____. This treatment is at least as favorable as that received by Class 6(b)."
[4]This treatment is required by § 1129(a)(9)(A).

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    *Page 2*                                    F 2081-1.PLAN

☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(c): Employee benefit plan contribution claims entitled to priority under § 507(a)(5). The Debtor proposes to pay each claim in Class 1(c) in full over years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(d): Grain producer and fisherman claims entitled to priority under § 507(a)(6). The Debtor proposes to pay each claim in Class 1(d) in full over years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(e): Consumer deposit claims entitled to priority under § 507(a)(7). The Debtor proposes to pay each claim in Class 1(e) in full over years, with _____% postconfirmation interest per annum. Payments will be made in equal ☐ monthly ☐ quarterly amortizing installments, due on the first day of each calendar ☐month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

**Class 2: Secured claims on Debtor's principal residence.**

☒  Debtor has no creditors in Class 2

A.    Unimpaired secured claims on Debtor's principal residence. These classes include claims secured solely by the Debtor's principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor. The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 2(a): Secured claim of: _____Not Applicable_____
              Property address or description of collateral: _____
              Priority of lien: _____
              Total amount of allowed claim: $_____
              Amount of arrearages: $_____
              Regular monthly payment: $_____
Class 2(b): Secured claim of: _____Not Applicable_____
              Property address or description of collateral: _____
              Priority of lien: _____
              Total amount of allowed claim: $_____
              Amount of arrearages: $_____
              Regular monthly payment: $_____

B.    Impaired secured claims on Debtor's principal residence. These classes of secured claims on the Debtor's principal residence are impaired and therefore, entitled to vote under the Plan. The arrearages in the sum of _____ shall be paid over 5 years with 0% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made as they come due based on their respective governing loan documents (Regular Payments). The claim will be paid in full as a secured claim in this class pursuant to § 1123(b)(5).

Class 2(c): Secured claim of: _____Not Applicable_____
              Property address or description of collateral: _____

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    *Page 3*                                    F 2081-1.PLAN

Priority of lien: _____
Amount of arrearages: _____
Total amount of allowed claim as of : _____
☐ Monthly ☐ quarterly Cure Payment amount:_____
☐ Monthly ☐ quarterly Regular Payment amount:
Total ☐ monthly ☐ quarterly payments:
Total amount of payments (over time) to satisfy the secured claim:$_____
Interest rate (to compensate creditor because claim is paid over time): _____
First payment date:_____
Amount of each installment:_____
Frequency of payments:_____
Total yearly payments:_____
Final payment date:_____
Monthly payments will be due on the first day of the month.

## Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.

☒ Debtor has no creditors in Class 3

This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is unimpaired under the Plan. Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim. All arrearages shall be paid in full on, or as soon as practicable after, the Effective Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 3(a): Secured claim of:_____Not Applicable_____
            Description of collateral: _____
            Priority of lien: _____
            Total amount of allowed claim: $_____
            Amount of arrearages: $_____
            Regular monthly payment: $_____

Class 3(b): Secured claim of: _____Not Applicable_____
            Description of collateral: _____
            Priority of lien: _____
            Total amount of allowed claim: $_____
            Amount of arrearages: $_____
            Regular monthly payment: _____

## Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.

☒ Debtor has no creditors in Class 4

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan. Debtor will not retain interest in such property(ies) and will surrender such collateral to the secured creditor:        ☐ not later than Effective Date            ☐ by (date): _____
Class 4(a):  Secured claim of: Not Applicable_____
             Description of collateral:_____
Class 4(b):  Secured claim of: Not Applicable_____
             Description of collateral:_____

## Class 5: Impaired secured claims

The following classes include claims secured by a lien on property in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                        Page 4                                        F 2081-1.PLAN

The secured portion of the following impaired class(es) shall be paid as set forth below. The arrearages in the sum of $_____ shall be paid over _____years with _____% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made ☐ as they come due based on their respective governing loan documents (Regular Payments), or ☐ in modified payments as described below. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6. However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

The following chart lists Class 5 claims and their proposed treatment under the Plan:

Class 5(a): Secured claim of: _____CitiMortgage, LLC_____
　　　　　Property address or description of collateral: ___120 N. Sierra Bonita Ave., Pasadena, CA 91106__
　　　　　Priority of lien: _____First_____
　　　　　Amount of arrearages: $_____0.00_____
　　　　　Total amount of allowed claim as of 07/24/2016: $_____333,707.26_____
　　　　　☐ monthly ☐ quarterly Cure Payment amount: $_____
　　　　　☒ monthly ☐ quarterly Regular Payment amount: $____1,690.85_____
　　　　　Total ☐ monthly ☐ quarterly payments: $_____
　　　　　Total amount of payments (over time) to satisfy the secured claim: $____608,706.00_____
　　　　　Interest rate (to compensate creditor because claim is paid over time): _____%
　　　　　First payment date: ___08/01/2016_____
　　　　　Amount of each installment: $___1,690.85_____
　　　　　Frequency of payments: _____Monthly_____
　　　　　Total yearly payments: $_____20,290.20_____
　　　　　Final payment date: ___07/01/2046_____
　　　　　Monthly payments will be due on the first day of the month.

**The treatment of CitiMortgage LLC's Class 5(a) Claim shall be in accordance with the terms and provisions of the Claim Treatment Stipulation between the parties and related order thereon at Docket Numbers 54 and 57, respectively, which are incorporated herein by this reference.   See Exhibit A.**

Class 5(b): Secured claim of: Franchise Tax Board
　　　　　Property address or description of collateral: ___120 N. Sierra Bonita Ave., Pasadena, CA 91106__
　　　　　Priority of lien: _____Third_____
　　　　　Total amount of allowed claim as of 01/15/2016: $____25,608.65_____
　　　　　Total amount of payments (over time) to satisfy the secured claim: $__27,609.00__
　　　　　Interest rate (to compensate creditor because claim is paid over time): ___3___%
　　　　　First payment date: ___The 1st day of the month following the Effective Date of the Plan__
　　　　　Amount of each installment: $____460.15_____
　　　　　Frequency of payments: _____Monthly_____
　　　　　Total yearly payments: $_____5,521.80_____
　　　　　Final payment date: ___10/01/2021_____
　　　　　Monthly payments will be due on the first day of the month.

Class 5(c): Secured claim of: _____Internal Revenue Service_____
　　　　　Property address or description of collateral: ___120 N. Sierra Bonita Ave., Pasadena, CA 91106__
　　　　　Priority of lien: _____Second_____
　　　　　Total amount of allowed claim as of 07/12/2016: $_____50,184.93_____
　　　　　Total amount of payments (over time) to satisfy the secured claim: $____54,105.45_____
　　　　　Interest rate (to compensate creditor because claim is paid over time): __3%__
　　　　　First payment date: ___The 1st day of the month following the Effective Date of the Plan__
　　　　　Amount of each installment: $__901.76_____
　　　　　Frequency of payments: _____Monthly_____
　　　　　Total yearly payments: $_____10,821.12_____
　　　　　Final payment date: ___10/01/2021_____
　　　　　Monthly payments will be due on the first day of the month.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 5                              F 2081-1.PLAN

If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the court may schedule a separate hearing to determine value.

To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6: General Unsecured Claims**.

☐ Class 6(a): Smaller Unsecured Claims. This class includes any allowed unsecured claim of _____ $_____ or less and any allowed unsecured claim larger than $_____ but whose holder agrees to reduce its claim to $_____ . Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim. This class is unimpaired and not entitled to vote on the plan.

☒ Class 6(b): Other General Unsecured Creditors. This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority. Each member of Class 6(b) shall be paid ___100___ % of its claim over ___5___ years in equal ☐monthly ☒ quarterly installments, due on the first day of each calendar ☐ month ☒ quarter, ☐ with interest at the rate of _____% per annum ☒ without interest starting on the first such date after the Effective Date. If payments are not proposed as equal monthly installments, they will be paid as follows:

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

### Article III
### Allowance and Disallowance of Claims

A. Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. Delayed Distribution on Disputed Claims. No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C. Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $___1,000.00___ , in which case no court approval is necessary.

### Article IV
### Executory Contracts and Unexpired Leases

A. Executory Contracts and Leases Assumed. The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation. Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Postconfirmation obligations will be paid as they come due.

B. Executory Contracts and Leases Rejected. The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. Claims arising from the rejection of an

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    *Page 6*                                    F 2081-1.PLAN

executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

### Article V
### Means of Implementation

The Plan will be funded through (*Check each box that applies*):

a. ☒ $_____10,539.15_____ of cash available on the date of the Plan confirmation hearing;

b. ☐ A sale of the following property (*describe*) described in the Plan, which the Debtor estimates will produce $_
_____ ;

c. ☒ additional cash from projected disposable income (projected to be $ 27.00_____ /month for the 5 year(s)[5] following confirmation); and/or

d. ☐ other sources of funding, as follows:

Please see Part 3 of the Disclosure Statement for further details of these projections.

### Article VI
### Discharge and Other Effects of Confirmation

A. <u>Discharge</u>. Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise. Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

B. <u>Vesting of Property</u>. On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C. <u>Plan Creates New Obligations</u>. Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D. <u>Creditor Action Restrained</u>. Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan. If the Debtor is in material default under the Plan, affected creditors may: (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

E. <u>Material Default Defined</u>. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

F. <u>Retention of Jurisdiction</u>. This court retains jurisdiction until all Plan payments have been made.

### Article VII
### General Provisions

A. <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

---

[5]This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   *Page 7*                                   F 2081-1.PLAN

B. Effective Date of Plan. The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

C. Cramdown. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

D. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

E. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

F. Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

G. Final Decree. Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered. The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

H. Miscellaneous Provisions: _____

Date:   07/28/2016                          By:        /s/ Ignacio Ramirez
                                                       Signature of Debtor
                                            Name:
                                                       Ignacio Ramirez
                                                       Printed name of Debtor

Date:   07/28/2016                          By:        /s/ Crystle J. Lindsey
                                                       Signature of attorney for Debtor, if any

                                            Name:      Crystle J. Lindsey (SBN: 281944)
                                                       Printed name of attorney for Debtor, if any

---

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 8                                    F 2081-1.PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:

The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):   __INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION__   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **07/28/2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anthony O. Egbase on behalf of the Debtor:  info@anthonyegbaselaw.com
Katherine Bunker on behalf of the United States Trustee (SV):  kate.bunker@usdoj.gov
William McDonald on behalf of CitiMortgage, Inc.:  William@mcdonaldlawsd.com

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On **07/28/2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy
Hon. Maureen Tighe
21041 Burbank Blvd., courtesy box (1st Floor)
Woodland Hills, CA 91367

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 07/28/2016 | Sandy Segovia | /s/ Sandy Segovia |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                              *Page 9*                                         F 2081-1.PLAN

Label Matrix for local noticing
0973-1
Case 1:15-bk-14124-MT
Central District of California
San Fernando Valley
Thu Jul 28 16:08:26 PDT 2016

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

Citi Mortgage
1000 Technology Dr.
Attn MS 514
O Fallon, MO 63368-2240

CitiMortgage, Inc.
PO Box 6030
Sioux Falls, SD 57117-6030

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
300 North Los Angeles Street, Stop 5022
Los Angeles, CA 90012-3478

Jose Gonzalez
120 N. Sierra Bonita Ave
Pasadena, CA 91106-2110

Law Offices of Gould & Hahn
5801 Christie Ave. Suite 385
Emeryville, CA 94608-1935

TIFFANY & BOSCO, P.A.
1230 COLUMBIA ST STE 680
SAN DIEGO CA 92101-8502

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Anthony Obehi Egbase
Law Offices of Anthony O Egbase & Assoc
350 S Figueroa St Ste 189
Los Angeles, CA 90071-1117

Crystle J Lindsey
AOE Law & Associates
350 S Figueroa St Ste 189
Los Angeles, CA 90071-1117

Ignacio Ramirez
2245 E Colorado Bl #128
Pasadena, CA 91107-3651

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CitiMortgage, Inc.

End of Label Matrix
Mailable recipients    13
Bypassed recipients    1
Total                  14

# EXHIBIT "A"

1   Anthony O. Egbase (SBN 181721)
2   Kevin Tang (SBN 291051)
    Crystle J. Lindsey (SBN 281944)
3   **A.O.E. Law & Associates, A Professional Law Corporation**
    The World Trade Center
4   350 S. Figueroa St., Suite 189
    Los Angeles, CA 90071
5   Phone: (213) 620-7070; Fax: (213) 620-1200
6   Email: info@anthonyegbaselaw.com

7   Attorney for Debtor and Debtor-in-Possession
    *Ignacio Ramirez*

8
                    **UNITED STATES BANKRUPTCY COURT**
9
        **CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**
10

11   | In re: | Case No.: 1:15-bk-14124-MT |
     | --- | --- |
12   | IGNACIO RAMIREZ, | Chapter 11 |
13   | | |
14   | *Debtor-in-possession.* | **STIPULATION BETWEEN DEBTOR AND SECURED CREDITOR CITIMORTGAGE,INC. RE CHAPTER 11 PLAN TREATMENT** |
15
16

17   **TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE,**

18   **THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

19
20          Ignacio Ramirez, Debtor and Debtor-in-Possession ("Debtor"), by and through his

21   counsel of record, and Secured Creditor, CitiMortgage, Inc., its assignees and/or

22   successors, by and through its counsel of record (collectively "Parties"), hereby agree and

23   stipulate as follows:

24                                **RECITALS**
25
26          1.      On or about July 5, 2005, Debtor, for valuable consideration, made, executed
27   and delivered a Note secured by a Deed of Trust in the amount of $350,000.00 ("First Deed

28                                       -1-

of Trust) on the property commonly known as 120 N. Sierra Bonita Ave., Pasadena, CA

91106 ("Subject Property"), which is more fully described in the Deed of Trust attached

hereto as **Exhibit "1"**.

      2.    CitiMortgage, Inc. ("Secured Creditor") currently holds the First Deed of Trust.

On or about August 19, 2010, Debtor and Secured Creditor entered into a Loan Modification

Agreement ("LMA") that modified certain obligations under the Note and Deed of Trust. A

copy of the LMA is attached hereto as **Exhibit "2"**.

      3.    On December 18, 2015, the Debtor filed a voluntary petition under Chapter 11

of the United States Bankruptcy Code ("Bankruptcy Code").

      4.    On February 19, 2016, Debtor filed a Motion for Order Setting Property Value

("Motion to Value") to value the Subject Property (dkt. no. 43).

      5.    On March 18, 2016, Debtor voluntary dismissed the Motion to Value (dkt. no.

48).

      6.    The Parties further desire to avoid the expense of litigation regarding plan

confirmation as to the treatment of the interests of Secured Creditor.

**NOW THEREFORE IT IS STIPULATED AND AGREED AS FOLLOWS:**

      1.    Secured Creditor and its successors or assignees shall have a secured claim

in the amount of $333,707.26 to be amortized over thirty (30) years at a fixed interest rate of

4.5 percent per annum.

      2.    Debtor shall tender regular monthly principal and interest payments to

Secured Creditor (and/or its servicer) in the amount of $1,690.85 on the first day of each

month commencing August 1, 2016 and continuing on the first day of each month thereafter

until July 1, 2046 when all outstanding amounts owed, including any escrow payments

Stipulation Re: Treatment of Secured Claim

and/or charges as required per the terms and provisions of this Stipulation and/or the Note and Deed of Trust, are to be paid in full.

3.      In addition to the payments described in paragraph 2 of this Stipulation, Debtor shall tender payment for property taxes and property insurance directly to the county and insurer. The amount of current escrow payment is $419.40; however, Debtor understands the amount of escrow is subject to change per any updated or revised escrow statement as provided by Secured Creditor (and/or its servicer).

4.      Confirmation of Chapter 11 Plan. The terms of this stipulation are expressly contingent upon the confirmation of Chapter 11 Plan by the Debtor, and substantial consummation thereof. In the event this case is dismissed or converted to Chapter 7, Secured Creditor shall retain its lien in the full amount due under the Note and Deed of Trust. It is the intent of Debtor and Secured Creditor that these terms govern the claim of Secured Creditor and the Debtor will incorporate these terms into any order confirming this or any subsequent plan. In the event of a discrepancy between this stipulation and the terms of any confirmed plan, the provisions of this stipulation shall control.

5.      Pre-Confirmation Default. In the event of any default on any of the provisions of this Stipulation prior to confirmation of Debtor's Chapter 11 Plan, Secured Creditor (and/or its servicer) shall provide written notice, via certified mail, to Debtor at the Subject Property and to Debtor's attorney of record, indicating the nature of default. If Debtor fails to cure the default or payment default with certified funds after the passage of thirty (30) calendar days from the date of said written notice is placed in the mail as reflected on the certified receipt, then the Automatic Stay shall terminate, unless it has already been terminated by operation of law, and Secured Creditor (and/or its servicer) may commence

Stipulation Re: Treatment of Secured Claim

1  any and all action necessary to obtain complete possession of the Subject Property under

2  the terms of the Note and applicable state law, including but limited to foreclosure thereof,

3  without further notice, order, or proceeding of this Court.

4          6.      Post-Confirmation Default.  Upon confirmation of the Chapter 11 Plan, the

5  Automatic Stay shall be deemed terminated as to the Debtor and the Estate, and the

6  Secured Creditor (and/or its servicer) will provide Debtor with notice of any default related to

7

8  the Stipulation in accordance with the Note, and applicable state law and/or proceed with its

9  remedies under the terms of the Loan and applicable state law, including but not limited to

10  foreclosure of the Subject Property, without further notice, order, or proceeding of this Court.

11          7.      Binding on Successors and Others.  This Stipulation and the covenants and

12  conditions contained herein shall apply to, be binding upon and inure to the administrators,

13

14  executors, conservators, trustee, representatives, assignees, successors, agents and

15  assigns of the Parties hereto.

16          8.      In exchange for the foregoing, Secured Creditor shall provide a ballot voting in

17  favor of the Debtor's Chapter 11 Plan of Reorganization.

18          WHEREFORE, the Parties do respectfully request the Court enter an Order

19  approving this Stipulation.

20

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28
                                              -4-

                        Stipulation Re: Treatment of Secured Claim

Dated: July <u>11</u>, 2016

**A.O.E. LAW & ASSOCIATES**

By: _____ /s/ **Crystle J. Lindsey**
                  Crystle J. Lindsey, Esq.
                  *Attorney for Debtor-in-possession*
                  *Ignacio Ramirez*

Dated: July <u>10</u>, 2016

**TIFFANY & BOSCO, P.A.**

By: _____
                  William F. McDonald, Esq.
                  *Attorney for Secured Creditor*
                  *CitiMortgage, Inc.*

Stipulation Re: Treatment of Secured Claim

# EXHIBIT "1"

# EXHIBIT "1"

# NOTE

| July 20, 2005 | Glendale | California |
|:---:|:---:|:---:|
| [Date] | [City] | [State] |

120 North Sierra Bonita Avenue, Pasadena, CA  91106
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 350,000.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is CitiMortgage, Inc.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of  5.250          %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the First        day of each month beginning on September 1, 2005          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  August 1, 2020          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1000 Technology Drive, O' Fallon, MO  63304

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 2,813.57

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP-5N (0207)          Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3          Initials: _FR._

**EXHIBIT "1"**

CitiMortgage 2.8.3.3 V6

5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of  15          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  6.000          % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.



Form 3200 1/01
Initials: ___

CitiMortgage 2.8.3.3 V6

## EXHIBIT "1"

10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____          _Ignacio Ramirez_____ (Seal)
                                           Ignacio Ramirez                              -Borrower

_____

                                                                    *(Sign Original Only)*

                                           **Pay to the order of**

                                           _____
                                           without recourse on us CitiMortgage, Inc.

                                           _Janet L. Sims_____
                                           Janet L. Sims, Vice President
                                           CitiMortgage, Inc.


EXHIBIT "1"

# EXHIBIT "2"

# EXHIBIT "2"

Investor Loan #

After Recording Return To:
CitiMortgage
1000 Technology Drive, MS 466
O'Fallon, MO 63368
Doc Prep/Booking & Closing

This document was prepared by: Christina Tiefenthaler

_____ [Space Above This Line For Recording Data]_____

**Loan #:** ▮▮▮▮▮▮▮▮

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 3rd day of August, 2010, between Ignacio Ramirez and Isabel Ramirez ("Borrower") and CitiMortgage, Inc. ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated July 20th, 2005 and recorded in Book or Liber, at page(s), or Document No. 05 1802203, of the Los Angeles County Records of (Name of Records) California and (2) the Note, bearing the same date as, and secured by, the (County and State, or other Jurisdiction) Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 120 North Sierra Bonita Avenue, Pasadena, CA 91106, (Property Address) the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 08/01/2010, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $280,641.31, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, as set forth in the payment schedule below. Interest will begin to accrue on the modified Loan as of 08/01/2010. If on 11/01/2022, (the "Maturity Date"), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount* | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|------------------------------------------------|------------------------------------------|------------------------|-------------------|----------------------------|
| 1-5 | 2.00% | 08/01/2010 | $2,154.11 | $302.79, May adjust periodically | $2,456.90, May adjust periodically | 09/01/2010 | 60 |
| 6 | 3.00% | 08/01/2015 | $2,231.96 | May adjust periodically | May adjust periodically | 09/01/2015 | 12 |
| 7 | 4.00% | 08/01/2016 | $2,300.95 | May adjust periodically | May adjust periodically | 09/01/2016 | 12 |
| 8 – Term | 4.50% | 08/01/2017 | $2,330.59 | May adjust periodically | May adjust periodically | 09/01/2017 | 63 |
| | | | | | | | |



1:24-MT    Doc 54    Filed 03/31/16    Entered 07/01/16 18:24:16    Page 16 of
Main Document34    Page 12 of 14

LOAN WORKOUT PLAN

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.



**EXHIBIT "2"**

**LOAN WORKOUT PLAN**

In Witness Whereof, the Lender and I have executed this Plan.

CitiMortgage, Inc.

By

8  19  10

Date

Ignacio Ramirez

Isabel Ramirez

8 19 10

Date

8  9 10

Date

Ignacio Ramirez and Isabel Ramirez

citi

657179

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (specify): **STIPULATION BETWEEN DEBTOR AND SECURED CREDITOR CITIMORTGAGE, INC. RE CHAPTER 11 PLAN TREATMENT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 07/11/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV):  kate.bunker@usdoj.gov
Anthony Obehi Egbase on behalf of Debtor Ignacio Ramirez:  info@anthonyegbaselaw.com, sandy@ecf.inforuptcy.com
William F. McDonald on behalf of Citimortgage Inc.:  william@mcdonaldlawsd.com
United States Trustee (SV):  ustpregion16.wh.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) 07/11/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy:
Chambers of the Honorable Maureen A. Tighe
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/11/2016 | Samantha Hernandez | /s/ Samantha Hernandez |
|------------|--------------------|------------------------|
| Date       | Printed Name       | Signature              |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1  Anthony O. Egbase (SBN 181721)
   Kevin Tang (SBN 291051)
2  Crystle J. Lindsey (SBN 281944)
   **A.O.E. Law & Associates, A Professional Corporation**
3  The World Trade Center
   350 S. Figueroa St., Ste. 189
4  Los Angeles, CA 90071
5  Ph: (213) 620-7070; Fax: (213) 620-1200
   Email: info@anthonyegbaselaw.com
6  Attorney for Debtor and Debtor-in-Possession
   *Ignacio Ramirez*
7

FILED & ENTERED

JUL 22 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Fisher    DEPUTY CLERK

8              **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

10 | In re:                        | Case No.: 1:15-bk-14124-MT |
   | **IGNACIO RAMIREZ**           | Chapter 11 |
   |                               | **ORDER ON STIPULATION BETWEEN DEBTOR AND SECURED CREDITOR CITIMORTGAGE, INC. RE CHAPTER 11 PLAN TREATMENT** |
   |             Debtor-in-possession. | |

16         IT IS HEREBY ORDERED that the term and provisions contained in the Stipulation

17  between Debtor and Secured Creditor CitiMortgage, Inc. re Chapter 11 Plan Treatment filed

18  on July 11, 2016 as Docket Entry No. 54 is hereby granted and made an order of this Court.

19  **IT IS SO ORDERED.**

20                                             ###

21

22

23

24  Date: July 22, 2016

25  *Maureen A. Tighe*
    Maureen A. Tighe
    United States Bankruptcy Judge
26

27

28

-1-