Anthony O. Egbase (SBN: 181721)
Kevin Tang (SBN: 291051)
Crystle J. Lindsey (SBN: 281944)
**A.O.E. LAW & ASSOCIATES, A Professional Corporation**
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Phone: (213) 620-7070; Fax: (213) 620-1200
Email:  info@anthonyegbaselaw.com


Attorneys for Debtor and Debtor-in-Possession
*Ignacio Ramirez*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| In re:<br><br>**IGNACIO RAMIREZ**<br><br>Debtor-in-possession. | Case No.: 1:15-bk-14124-MT<br><br>Chapter 11<br><br>**DEBTOR IN POSSESSION'S MOTION TO CONFIRM CHAPTER 11 PLAN OF REORGANIZATION;**<br><br>**DECLARATION OF IGNACIO RAMIREZ IN SUPPORT THEREOF**<br><br>**<u>Confirmation Hearing</u>**<br>DATE:  November 17, 2016<br>TIME:  9:30 a.m.<br>PLACE:  21041 Burbank Blvd.<br>          Courtroom 302<br>          Woodland Hills, CA 91367 |
|---|---|

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY COURT**

**JUDGE, OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER**

**INTERESTED PARTIES:**

Ignacio Ramirez, debtor and debtor-in-possession ("Debtor"), hereby submits his

Motion to Confirm Chapter 11 Plan pursuant to 11 U.S.C. §1129 in order to meet the

requirements for confirmation of Debtor's Chapter 11 Plan of Reorganization dated July 28, 2016 (the "Plan").  Also included, where appropriate, is discussion of relevant legal authority.

## I.    INTRODUCTION

On July 28, 2016, Debtor filed his Disclosure Statement Describing his Chapter 11 Plan of Reorganization ("Disclosure Statement" and "Plan").   On October 6, 2016, the Court entered an Order approving Debtor's Disclosure Statement.  See docket number 71.

## A.    DESCRIPTION OF DEBTOR, ASSETS AND EVENTS LEADING TO BANKRUPTCY

Debtor is a married man residing in the State of California, County of Los Angeles.  Debtor is employed as a driver for Vince's Auto Shop.  Debtor's major asset is a real property, a single family residence, located at 120 N. Sierra Bonita Ave Pasadena, CA 91106 ("Subject Property").  Debtor's major liability is a first deed of trust secured by the Subject Property in the approximate amount of $450,000.00.

Debtor's financial problems began in and around 2010 when Debtor and his wife lost their daycare business following notice to shut down by the State of California. The couple expended their life savings trying to save their business.  Debtor is indebted to the Internal Revenue Service and Franchise Tax Board following the loss of their business.  In addition, Debtor was defrauded by a foreclosure rescue company that fraudulently recovered a lien in the amount of $14,500.00 against his real property.

Debtor previously filed a chapter 13 case, but the case was dismissed due to Debtor being unable to confirm a feasible plan based on the real property's arrears.

Debtor wishes to propose a plan of reorganization which modifies the terms of the first deed of trust for their real property.

The principal dispute in Debtor's bankruptcy case was negotiating treatment of Debtor's Subject Property.  Debtor wished to value the Subject Property and modify the deed of trust of the real property based on its fair market value.  On July 11, 2016, Debtor and secured creditor CitiMortgage, Inc., holder of first deed of trust of the Subject Property ("Secured Creditor"), entered into a stipulation agreeing that Secured Creditor and its successors or assignees shall have a secured claim in the amount of $333,707.26 to be amortized over thirty years at a fixed interest rate of four and half (4.5) percent per annum.

Debtor has filed her Chapter 11 Plan of which the terms are set forth below.  One impaired class accepted the Plan and no class rejected the Plan.

Class 5(a) is impaired and consists of CitiMortgage, Inc., which has a claim of $333,707.26 secured by Debtor's Subject Property.  Class 5(a) voted to accept the Plan.

## II.      JURISDICTION

Pursuant to 28 U.S.C. § 1334 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, jurisdiction of the above-captioned Chapter 11 case is vested in the United States District Court for the Central District. The United States District Court has referred, pursuant to 28 U.S.C. § 157(a), all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy judges of the district. This case having been so appropriately referred to the bankruptcy court grants the above-entitled court jurisdiction to make and enter an

appropriate and final order of confirmation of the Plan  pursuant to 28 U.S.C. § l57(b)(l)

and (b)(2)(L).

### III.      BASIC STRUCTURE OF THE PLAN

The Plan provides that on the Effective Date, or as soon as possible thereafter,

the Debtor will make periodic distributions to pay creditors and pay unsecured claimants

a percentage of their claims.

### IV.      CONFIRMATION CRITERIA

Section 1129(a) of the United States Bankruptcy Code ("bankruptcy code") sets

forth, in sixteen enumerated paragraphs, the requirements that must be complied with

before a plan of reorganization will be confirmed.  11 U.S.C. §1129(a). This

memorandum demonstrates conclusively below that each of the requirements of 11

U.S.C. §1129(a) has been met.

The Debtor submits that the following points and authorities to establish a basis

for the confirmation of the Plan by the Court.

**a. Section 1129(a)(l): Compliance with Applicable Provisions of Chapter 11**

Section 1129(a) requires the Plan to comply with the applicable provisions of

Chapter 11.  In general, the Plan must comply with Sections 1122 and 1123 of the

Code.

**b. Debtors' Classification Scheme Complies with Section 1122.**

Section 1122(a) requires the Plan to place a claim or interest in a particular class

only if such claim or interest is substantially similar in nature to the other claims or

interests of such class. The Plan designates the following classes:

<u>Unclassified Claims</u>:  Under the Plan, there is one unclassified claim owed to Debtor's counsel, A.O.E. Law & Associates in the amount of $9,255.00, which was approved by the Court on November 8, 2016.

<u>Class 5(a)</u>: Impaired claim.  This claim is held by CitiMortgage, Inc. against the Debtor's Subject Property located at 120 N. Sierra Bonita Ave., Pasadena, CA 91106.

<u>Class 5(b)</u>: Impaired claim.  This claim is held by the Franchise Tax Board against Debtor's Subject Property located at 120 N. Sierra Bonita Ave., Pasadena, CA 91106.

<u>Class 5(c)</u>: Impaired claim.  This claim is held by the Internal Revenue Service against Debtor's Subject Property located at 120 N. Sierra Bonita Ave., Pasadena, CA 91106.

<u>Class 6(b)</u>: Impaired claims.  This class consists of general unsecured claims.

These classes have been structured to take into account the special provisions of each.

**c.  The Plan contains the provisions required by 11 U.S.C. §1123(a)**

11 U.S.C. § 1123(a)(1) requires that the Plan must designate, subject to Bankruptcy Code section 1122, classes of claims, other than claims of kind specified  in sections 507(a)(l), 507(a)(2), and 507(a)(7). The Plan designates classes of claims and interests in accordance with this requirement.

11 U.S.C. § Section 1123(a)(2) requires that Plan specify any class of claims or interests that is not impaired under the Plan. The Plan specifies classes of claims and interests not impaired under the Plan and the treatment thereof thereby satisfying the requirement of Section 1123(a)(2).

11 U.S.C. § 1123(a)(3) requires that the Plan specify the treatment of any class of claims or interests under the Plan. The Plan specifies the treatment of the class, and indicates whether the claim is impaired or not impaired.

11 U.S.C. § 1123(a)(4) requires that the Plan provide  the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a different treatment. The Plan specifies identical treatment of all claims and interests in a class unless a holder agrees to a different or less favorable treatment.

11 U.S.C. § 1123(a)(5) requires that the Plan provide adequate means for the Plan's implementation. The cash flow of the debtor is sufficient to fund the plan. The Second Amended Disclosure Statement indicates that the monies will be applied to pay administrative and priority claimants, and that the balance will be used to fund the ongoing operation of the Debtor.  The Debtor will have sufficient cash on hand to make payments required on confirmation.

11 U.S.C. § 1123(a)(6) requires that a  Plan provide for the inclusion in the charter of the debtor, if the debtor is a corporation, of a provision prohibiting the issuance of non-voting equity securities. This is not a corporate bankruptcy and therefore this requirement is not applicable.

11 U.S.C. § 1123(a)(7) is not applicable in this case insofar as this case does not involve a corporate debtor and the Plan does not implicate any issues with regard to the selection of any officer, director, or  trustee.

11 U.S.C. § 1123(a)(8) specifies that individual debtor must use future income to fund the Plan. The Debtor herein, is using future income to fund the Plan and this requirement is therefore fulfilled.

**d**. **Subsection (b) of Section 1123 specifies permissive provisions that may be included under the Plan.**

11 U.S.C. § 1123(b)(1) provides that the Plan may impair or leave unimpaired any class of claims or interests. The Debtor's plan has impaired claims.

11 U.S.C. § 1123(b)(2) specifies that, subject to Section 365 of the Bankruptcy Code, the plan may provide for the assumption or rejection of any executory contract or unexpired lease not previously rejected. The Disclosure Statement indicates Debtor will assume her rental contracts with her tenants of her real properties.

11 U.S.C. § 1123(b)(3) specifies that the Plan may provide for the settlement or adjustment of any claim or interest belonging to the debtor or the estate for the retention and enforcement by the Debtor, by the Trustee, or by a representative of the estate appointed for such purpose of such claim or interest.

The Plan provides that the Debtor shall retain a right to object to any claim. Debtor believes that the balances of the claims are dealt with under the Plan.

11 U.S.C. § 1123(b)(4) permits the Plan to provide for the sale of all or part of the property of the estate. The Plan does not propose any sale.

11 U.S.C. § 1123(b)(5) provides that the Plan may include any other appropriate provisions not inconsistent with the applicable provisions of the Code. The Plan discussed the effect of confirmation, amendments or modification, retention of jurisdiction. These provisions are consistent with the Bankruptcy Code.

Based on the foregoing analysis, it is respectfully submitted that the Plan complies with the applicable provisions of Section 1129(a)(1).

**e**. **Section 1129(a)(2) The Plan proponent has complied with the applicable provisions of the Bankruptcy Code**

1.      Section 1129(a)(2): The Debtor has filed all required schedules and statements, appeared at hearings, filed a disclosure statement and plan of reorganization; thereby she has satisfied the requirements of the code.

2.      Section 1129(a)(3): The Plan has been Proposed in Good Faith and not by any means forbidden by law.

The term "good faith" is not specifically defined in the Bankruptcy Code. However "good faith" is assessed by the totality of circumstances, and requires an exercise of fundamental fairness in dealing with creditors, and requires that a plan achieve a result consistent with the objectives and purposes of the Bankruptcy Code.  *In re Jorgensen*, 66 B.R. 104, 109 (Bankr. 9th.Cir. 1986).  The proposal of the Plan is consistent with the objectives and purposes of the Bankruptcy Code and was made with honesty and good intentions and with a basis for expecting that, under the circumstances, it was the best means for maximizing any recovery by creditors of the Debtor.

1. **Disclosure of Payments (11 U.S.C. § 1129(a)(4)).**

Bankruptcy Code section 1129(a)(4) requires that any payment made or to be made by the proponent, the debtor, or by a person issuing securities, or acquiring property under the  Plan, for services or for costs and expenses in connection with the case, or in connection with the  Plan and incident to the case, has been approved by, or is subject to the approval of the court, as reasonable. 11 U.S.C. § 1129(a)(4); see *In re*

*Texaco Inc.*,84 B.R. at 907-908; *In re Future Energy Corp.*, 83 B.R. at 487-488; 7 Collier

on Bankruptcy, C)[ 1129.03[4] (Matthew Bender 15th ed. rev.).

Unclassified Claims of the Plan provides that "Professionals employed at the

expense of the Estate, and any entities which may be entitled to an allowance of fees

and expenses from the Estate pursuant to §503(b)(2) through (6) of the Code, shall

receive cash in the amount awarded to such professionals and entities as soon as

practicable after an order is entered by the Court approving such award pursuant to

Sections 330 or 503(b)(2) through (6) of the Code ...." Said procedure for review and

ultimate determination by the court of the professional fees and expenses to be paid by

the Debtor satisfies the requirement of section 1129(a)(4). See *In re Sound Radio, Inc.*,

93 B.R. at 854; *In re Texaco Inc.*, 84 B.R. at 908; *In re Future Energy Corp.*, 83B.R. at

488. "Court approval of payments for services and expenses is governed by various

Code provisions-e.g.,§§ 328, 329, 330, 331 and 503(b) -and  need not be explicitly

provided for in a Chapter 11  Plan." *In re Future Energy Corp.*, 83 B.R. at 488.

In the instant case, the Debtor disclosed pre-petition retainer paid to the

professionals and such retainer was approved by the Court.  See Docket No. 19.  The

estimated balance of the administrative fees of $10,000.00 is disclosed in the

Disclosure Statement and will be paid pursuant to application for fees and approval of

this Court. Thus, the Plan complies with section 1129(a)(4).

**2.  Regulatory Approval re Rate Changes (11 U.S.C.§ 1129(a)(6)).**

The provisions of Section 1129(a)(6) are not applicable in this case.

**3.  Best Interest of Creditors Test (11 U.S.C. § 1129(a)(7)).**

Bankruptcy Code section 1129(a)(7) sets forth the "best interest of creditors" test. 11 U.S.C. § 1129(a)(7); see *Kane v. Johns-Manville Corp.*, 843 F.2d at 649; *In re Texaco Inc.*, 84 B.R. at 908-909; *In re Victory Construction Co., Inc.*, 42 B.R. at 151; *In re Toy & Sports Warehouse, Inc.*, 37 B.R. at 150. Subsection 1129(a)(7) provides that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan property of a value as of the Effective Date not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 on such date.

The Disclosure Statement provides liquidation analysis. Based on the analysis, under if Debtor's case was converted to one under Chapter 7, unsecured creditors would receive a zero percent dividend.

In this case, Class 5(a) has accepted the Plan. See Docket No. 81 for Ballot Summary. Conversion of this chapter 11 case to a chapter 7 liquidation case would result in additional delay and expense and would reopen the bar date for filing claims. Accordingly, under the Plan, any recovery by creditors will exceed that which would occur in a Chapter 7 liquidation. The Plan provides for a payment of one and one half (1.5) percent of all unsecured creditors over the next sixty (6) months after confirmation of the Plan. The Plan complies with 11 U.S.C. § 1129(a)(7).

### 4. Acceptance of Plan (11 U.S.C. § 1129(a)(8)).

Section 1129(a)(8) requires that each class of claims or interests either accepts the Plan or is not impaired under the Plan. 11 U.S.C. § 1129(a)(8); see *In re Texaco Inc.*, 84 B.R. at 909. The requirement of section 1129(a)(8) is the only condition precedent included in section 1129(a) which is not only absolutely necessary for

confirmation. "If a Plan satisfies the confirmation criteria set forth in section 1129(a),

including the requirement that if a class of claims is impaired, at least one impaired

class of claims accepts the 11 U.S.C. § 1129(a)(10), the Plan may be confirmed

notwithstanding the opposition of one or more impaired classes of claims or interests,

provided the Plan satisfies section 1129(b)."7 Collier on Bankruptcy, J1129.03[8] 44

(Matthew Bender 15th ed. rev.).

As discussed above, whether a class has accepted the Plan is determined by

reference to Section 1126. 11 U.S.C. § 1126. Under Section 1126(f) any class which is

not impaired under the Plan is conclusively presumed to have accepted the Plan. 11

U.S.C. § 1126(f); See *In re Victory Const. Co., Inc.*, 42 B.R. 145, 152 (Bankr. C.D. Cal.

1984).  Because the Plan does not impair Administrative Claims and Priority Claims,

each of those classes are deemed to have accepted the Plan. See 11 U.S.C. § 1126(f).

Classes 5(b), 5(c), and 6(b) are impaired under the Plan. Accordingly, the holders of

allowed claims in these classes were entitled to vote on the Plan.

The impaired Class 5(a) have voted to accept the Plan. See Docket No. 81 for

Ballot Summary.

If all the other requirements for confirmation are met, except acceptances as

provided in section 1129(a)(8), the Court shall confirm the plan if the plan does not

discriminate unfairly and is fair and equitable with respect to each class of claims and

interests that is impaired under and has not accepted the plan.  11 U.S.C. § 1129(b).

With respect to an unsecured class, "fair and equitable" means that each

claimant receives or retains property of value equal to allowed claim, or the holder of a

junior claim neither receives nor retains property on account of such claim. 11 U.S.C.

§1129(b)(2)(B).  In the instant case, all claimants in Class 5 and Class 6 accepted the

Plan and none of the claimants in either class rejected the Plan.

Pursuant to Section 1129(b)(1), a plan can be confirmed despite the non-

acceptance of Class 6(b) claims where the Plan does not discriminate unfairly and is fair

and equitable with respect to the rejecting Class. Since Class 6(b) claims are treated

equally, Debtor proposes an equal payout of 1.5% on each of the claims, and the Plan

may still be confirmed under this Section. However, as stated above, no claimants of

Class 6(b) rejected the Plan.

**5. Administrative and Priority Claims (11 U.S.C. § 1129(A)(9)).**

The plan can only be confirmed if administrative claimants are paid in full on the

effective date unless otherwise agreed. 11 U.S.C. §1129(a)(9)(A).  The plan may make

deferred cash payments to accepting holders of non-priority tax claims, while rejecting

holders of such claims must be paid the amount of their allowed claim on the effective

date. *Id.* At §1129(a)(9)(B)(i)-(ii).  However, the plan may make deferred cash payments

to holders of allowed priority tax claims so long as the claimants will receive an amount

equal to the allowed amount of the claim as of the effective date, over a period of not

more than five years from the petition date. *Id.* at §1129(a)(9)(C).

The Plan satisfies this requirement.  Debtor and Debtor's counsel have agreed

that Debtor's family member will contribute monthly payments toward Debtor's attorney

fees once Debtor's Plan is confirmed.  Attorney's fees were approved by the Court in

the amount of $9,255.00. The family contribution toward Debtor's attorney's fees will be

a gift.

**6. Minimum Acceptance (11 U.S.C. § 1129(a)(10)).**

Bankruptcy Code section 1129(a)(10) requires as a condition of confirmation that

if a class of claims is impaired under the Plan, at least one class of claims that is

impaired under the Plan has accepted the Plan, determined without including any

acceptance of the Plan by any insider. 11 U.S.C. § H29(a)(l0); see *In re Texaco  Inc.*, 84

B.R. at  910.  As discussed above, section 1126 provides the requirements for

determining acceptance. Section 1129(a)(10) requires affirmative acceptance of a Plan

by at least one impaired class of claims, unless all classes of claims are left

unimpaired. 5 Collier on Bankruptcy, 11129.02[10] (15th  ed. rev.), citing *In re Russell*,

12 B.R. Ct. Dec. (CCR) 571.  As shown above in Section 1129(a)(8) the Plan will satisfy

this requirement.

### 7.  Feasibility (11 U.S.C. § 1129(a)(11)).

Bankruptcy Code section 1129(a)(11) requires as a condition of confirmation that

the court  find that confirmation of the Plan is not likely  to be followed  by the

liquidation, or the need for further financial reorganization, of the debtor or any

successor to the debtor under the Plan, unless such liquidation or reorganization is

proposed in the Plan. 11 U.S.C. § 1129(a)(ll); see Kane v. Johns-Manville Corp., 843

F.2d at 649; *In re Sound Radio, Inc.*, 93 B.R. at 855-56; *In re Texaco Inc.*, 84 B.R. at

910.

The feasibility standard is whether the Plan offers a reasonable assurance of

success.  Success need not be guaranteed. *Kane v. Johns-Manville Corp.*, 843  F.2d  at

649; *Prudential insurance Co. v. Monnier (In re Monnier Brothers),* 155 F.2d 1336,

1341 (8th Cir. 1985); *In re American Solar King Corp.*, 90 B.R. at 892-893; *In re

Prudential Energy Company,* 58 B.R. 857, 862 (Ban. S.D.N.Y. 1986).  Guaranteed

success in the stiff winds of commerce without the protection of the Code is not the

standard under section 1129(a)(1).  Most debtors emerge from reorganization with a

significant handicap. But a plan based on impractical or visionary expectations cannot

be confirmed.  *In re Prudential Energy Company,* supra, at 862, citing *In re Clarkson,*

767 F.2d 417, 420 (8th Cir. 1985); see *In re American Solar King Corp.,* 90 B.R. at 833.

Debtor's Plan is feasible because it has reduced the amount owed to secured

lenders significantly thereby reducing the monthly payments to the secured claims.  The

Debtor will be able to pay the amounts due to the secured and unsecured creditors

under the Plan as set forth in the projections attached to the Second Amended

Disclosure Statement.  The payments will be funded in part by rental income generated

from Debtor's rental properties and with Debtor's social security income as well as

monthly contribution from her son Edison Castro.

**10. Payment Of Fees (11 U.S.C. § 1129(A)(12)).**

Bankruptcy Code section 1129(a)(12) mandates the payment of all fees required

under 28 U.S.C. § 1930, including filing fees and United States Trustee Quarterly Fees.

The Debtor believes that all such fees have been paid on a current basis and that no

obligations in this regard will exist on the Effective Date of the Plan.  In the event that

any such fees are owed on the Effective Date, they would be nominal in the context of

the Plan and will be paid.  Thus, the requirement of section 1129(a)(12) is satisfied.

**11. Continuance Of Retiree Benefits 11 U.S.C. § 1129(A)(13))**

The Debtor is not obligated for any retiree benefits as that term is defined in

section 1114, and therefore section 1129(a)(l3) does not apply.

**12. Domestic Support Obligations Section 1129(a)(14)**

Section 1129(a)(14) provides that if a debtor is required by a judicial or

administrative order, or by statute, to pay a domestic support obligation, the debtor has

paid all amounts payable under such order or such statute for such obligation that first

became payable after the date of the filing of the petition. 11 U.S.C. §1129(a)(14).  The

Debtor does not have domestic support obligations.

**13. Debtor's Prospective Income 11 U.S.C. § 1129(A)(15))**

Where the debtors are individuals and a holder of an unsecured claim objects to

confirmation, Section 1129(a)(15) requires that "the value, as of the effective date of the

Plan, of the property to be distributed under the Plan on account of such claim is not

less than the amount of such claim," or "the value of the property to be distributed under

the Plan or not less than the projected disposable income of the debtors (as defined in

Section 1325(b)(2)) to be received during the 5-year period beginning on the date that

the first payment is due under the Plan, or during the period for which the Plan provides

payments, whichever is longer." 11 U.S.C §1129(a)(15).  Here, this Section does not

apply because unsecured claimants have not objected to confirmation.  The Court may

confirm the Plan Pursuant to Section 1129(B).

**13. Absolute Priority Rule 11 U.S.C §1129(b)(2)(B)(ii)**

The Ninth Circuit holds that a dissenting class of unsecured creditors must be

provided for in full before an individual debtor can retain any property under a

reorganization plan. *Zachary v. California Bank & Trust, No. 13-16402, 2016 U.S. App.*

*LEXIS 1368 (9th Cir. 2016).*  In the instant case, no unsecured creditor has objected to

Debtor's Plan therefore the absolute priority rule is not applicable.

## V.    CONCLUSION

The foregoing analysis demonstrates that the Plan has met all of the

requirements of the Bankruptcy Code.  Additionally, the Debtor will demonstrate at the

confirmation hearing that the Plan satisfies each of the requirements contained in 11

U.S.C. §1129.  It is respectfully requested that the Court confirm the Plan in accordance

with the provisions of 11 U.S.C. §1129.


Dated:  November 14, 2016                    **A.O.E LAW & ASSOCIATES**


                                             /s/ Crystle J. Lindsey
                                             Crystle J. Lindsey, Esq.
                                             Counsel for Debtor and Debtor-in-possession
                                             *Ignacio Ramirez*

## **DECLARATION OF IGNACIO RAMIREZ**

I, Ignacio Ramirez, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness, I could and would competently testify to the truthfulness of all of the below statements:

1.      I am the debtor in the instant bankruptcy proceeding, Case No. 1:15-bk-14124-MT.

2.      I make this declaration in support of my Motion to Confirm Chapter 11 Plan of Reorganization ("Plan").

3.      The major asset of my bankruptcy estate is my real property located at 120 N. Sierra Bonita Ave Pasadena, CA 91106 ("Subject Property")

4.      Commencing on the effective date of the Plan, I will make plan payments to my secured creditors and unsecured creditors until the full amount of the claims are satisfied.

5.      The Plan has been proposed in good faith and is consistent with the objectives of the United States Bankruptcy Code. I have drastically cut my personal expenses and expenses related to my real property and have steadily increased my cash flow in order to propose a confirmable Plan that maximizes the return to the creditors of the estate.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct and that this Declaration was executed this 14th day of November 2016, at Los Angeles, California.

/s/ Ignacio Ramirez
Ignacio Ramirez
Debtor and Debtor-in-possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO CONFIRM CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/14/2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV):  kate.bunker@usdoj.gov
Anthony Obehi Egbase on behalf of Debtor Ignacio Ramirez:  info@anthonyegbaselaw.com, sandy@ecf.inforuptcy.com
Crystle J. Lindsey on behalf of Debtor:  crystle@aoelaw.com
William F. McDonald on behalf of Citimortgage Inc.:  william@mcdonaldlawsd.com
United States Trustee (SV):  ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **11/14/2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached mailing list.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **11/14/2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy via Overnight Delivery:
Chambers of the Honorable Maureen A. Tighe
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **11/14/2016** | **Sandy Segovia** | **/s/ Sandy Segovia** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-1
Case 1:15-bk-14124-MT
Central District of California
San Fernando Valley
Mon Nov 14 13:14:07 PST 2016

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

Citi Mortgage
1000 Technology Dr.
Attn MS 514
O Fallon, MO 63368-2240

CitiMortgage, Inc.
PO Box 6030
Sioux Falls, SD 57117-6030

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
300 North Los Angeles Street, Stop 5022
Los Angeles, CA 90012-3478

Jose Gonzalez
120 N. Sierra Bonita Ave
Pasadena, CA 91106-2110

Law Offices of Gould & Hahn
5801 Christie Ave. Suite 385
Emeryville, CA 94608-1935

TIFFANY & BOSCO, P.A.
1230 COLUMBIA ST STE 680
SAN DIEGO CA 92101-8502

Anthony Obehi Egbase
Law Offices of Anthony O Egbase & Assoc
350 S Figueroa St Ste 189
Los Angeles, CA 90071-1117

Crystle J Lindsey
AOE Law & Associates
350 S Figueroa St Ste 189
Los Angeles, CA 90071-1117

Ignacio Ramirez
2245 E Colorado Bl #128
Pasadena, CA 91107-3651

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CitiMortgage, Inc.

End of Label Matrix
Mailable recipients    13
Bypassed recipients     1
Total                  14